UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BEATRIZ Q. BENITO and ROBERT R. BENITO,

        Plaintiffs,

vs.

VERICREST FINANCIAL, INC., *et al.,*

        Defendants.

2:11-CV-00295-PMP-GWF

**ORDER**

        Before the Court for consideration is Defendant Vericrest Financial, Inc., and the Bank of New York Mellon's Motion for Judgment on the Pleadings (Doc. #13) filed June 21, 2011.  Having considered the arguments set forth in this fully briefed motion, and having also considered the arguments of counsel presented at the hearing conducted October 11, 2011, the Court finds that Defendants' Motion for Judgment on the Pleadings must be granted.

        In their Complaint, Plaintiffs allege eight separate Causes of Action for (1) unfair lending practices; (2) fraud; (3) deceptive trade practices; (4) intentional misrepresentation; (5) negligent misrepresentation; (6) breach of the implied covenant of good faith and fair dealing; (7) breach of contract; and (8) unjust enrichment.

///

At the hearing conducted October 11, 2011, Plaintiffs conceded that their claims for fraud, intentional misrepresentation and breach of contract are infirm. However, for the reasons set forth in Defendants' Motion (Doc. #13) and Reply Memorandum (Doc. #18), the Court finds Plaintiffs' remaining claims also fail.

Plaintiffs' claim for unfair lending practices must fail because the statute upon which Plaintiff relies, N.R.S. 598D.100(1)(b) did not come into effect until after Plaintiffs' entered the loan at issue. Plaintiffs' claims for fraud, deceptive trade practices, intentional misrepresentation and negligent misrepresentation all sound in fraud and are not plead with requisite particularity and fail to specify any misrepresentations made by moving Defendants. Plaintiffs' claim for breach of the covenant of good faith and fair dealing fails because Defendants have no duty to negotiate a loan modification of Plaintiffs nor are there facts giving rise to a special relationship between the Parties which could be deemed to create and implied covenant. Finally, Plaintiffs' unjust enrichment claim must be dismissed because such a claim is not available where there is an express, written contract that covers the subject matter of the dispute.

**IT IS THEREFORE ORDERED that** Defendants' Motion to Dismiss (Doc. #13) is **GRANTED** and that Plaintiffs' Complaint is hereby dismissed.

**IT IS FURTHER ORDERED that** Defendants' Motion for Stay of Litigation and Discovery Proceedings Pending a Determination on Motion of Vericrest Financial, Inc., and the Bank of New York Mellon, as Trustee, for Judgment on the Pleadings (Doc. #19) is **DENIED** as moot.

DATED: October 17, 2011.

_____
PHILIP M. PRO
United States District Judge